UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| The Trustees of the Sheet Metal Local #10 Control Board Trust Fund, | Civil No. 08-0692 JNE/SRN |
| Plaintiffs, | |
| vs. | **FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER** |
| Swanson Plumbing & Heating, | |
| Defendant. | |

Carol A. Baldwin, Esq., Jensen, Bell, Converse & Erickson, P.A., appeared for Plaintiffs Trustees of the Sheet Metal Local #10 Control Board Trust Fund.

There was no appearance on behalf of the Defendant Swanson Plumbing & Heating, Inc.

This case is before the Court on Plaintiffs' motion for entry of default. Upon all files, records, and proceedings herein, the Court makes the following findings of fact, conclusions of law, and Order.

**FINDINGS OF FACT**

1. The Summons and Complaint were filed with the Court on March 14, 2008. Service on Defendant was accomplished on March 26, 2008.

2. Defendant has failed to answer, or otherwise defend, and is in default.

3. Plaintiffs are fiduciaries of the Sheet Metal Local #10 Control Board Trust Fund ("Fund"), which is the clearinghouse fund for several multiemployer fringe benefit plans as defined by 29 U.S.C. § 1002 (37) (2000), and are established to provide pension, health and welfare, and other benefits to employees doing work in the construction trades, pursuant to a written agreement.

4. Defendant delegated to the Twin Cities Division of Sheet Metal and Roofing Contractors of America, Inc. ("SMARCA") the authority to act as its exclusive collective bargaining agent with respect to negotiations with the Sheet Metal Workers Local #10 of Maplewood, Minnesota (Union). SMARCA and the Union subsequently negotiated a Labor Agreement to which Defendant agreed to be bound.

5. The Labor Agreement obligates Defendant to determine the contribution for each employee, submit that information on a report form, and pay those contributions to the Fund's Administrator on or before the 10th day of the month following the month for which the contribution is being made.

6. The Labor Agreement provides that Defendant is subject to a liquated damages assessment for delinquent contributions as follows:

> Delinquent employers shall become subject to a liquidated damages assessment equal to ten percent (10%) of the contributions due for the month. If these delinquent contributions, together with the liquidated damages assessment, are not received by the Control Board on or before the tenth (10th) day of the next month, the liquidated damages assessment will increase to twenty percent (20%) of the delinquent contributions.

7. The Labor Agreement provides that Plaintiffs are entitled to attorney's fees incurred in collecting the delinquency.

8. Defendant has failed to submit its contribution report forms and to pay contributions for the months of January 2008, February 2008, March 2008, April 2008, May 2008, and June 2008.

9. Plaintiffs believe that Defendant employed individuals during the requested period for whom fringe benefit contributions were not made.

## CONCLUSIONS OF LAW

1. Defendant is in default, and Plaintiffs are entitled to Entry of Default.

2.      Defendant is required to submit contribution reporting forms and contributions to Plaintiffs for the months of January 2008, February 2008, March 2008, April 2008, May 2008, and June 2008.

3.      Defendant is obligated to pay to the Fund liquidated damages in accordance with the Labor Agreement.

4.      Defendant is obligated to pay to the Fund's attorney's fees incurred in collecting the delinquency.

**ORDER**

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1.      Plaintiffs' Motion for Entry of Default [Docket No. 4] is granted.

2.      Defendant shall file the reports for the months of January 2008, February 2008, March 2008, April 2008, May 2008, and June 2008, pursuant to the Labor Agreement, if they have not already been submitted.

3.      Defendant shall pay to the Plaintiffs the fringe benefit contributions due for all hours reported pursuant to the Court's Order, plus liquidated damages in accordance with the Labor Agreement on the delinquent contributions for the months of January 2008, February 2008, March 2008, April 2008, May 2008, and June 2008.

4.      If Defendant fails to make payments required by this Order for the months of January 2008, February 2008, March 2008, April 2008, May 2008, and June 2008, Plaintiffs may move the Court for entry of a money judgment against Defendant in the amount of any unpaid fringe benefit contributions, liquidated damages, and reasonable attorney's fees, as shown by

4

affidavit filed with the Court, and the Court shall enter judgment ten days after service of the motion and affidavit on Defendant.

Dated: July 25, 2008

                                                  s/ Joan N. Ericksen  
                                                  JOAN N. ERICKSEN  
                                                  United States District Judge